UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SALLIE C. WASHINGTON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FINANCE SYSTEM OF TOLEDO, INC.,<br><br>Defendant. | CLASS ACTION COMPLAINT<br><br>CASE NO. 3:18-cv-02653<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

NOW comes SALLIE C. WASHINGTON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of herself and all others similarly situated, complaining as to the conduct of FINANCE SYSTEM OF TOLEDO, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this this class action on behalf of herself and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692k(d) and 28 U.S.C. §§1331 as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the Northern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

### PARTIES

4. Plaintiff is a 73 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Toledo, Ohio, which lies within the Northern District of Ohio.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a, because she is a natural person obligated or allegedly obligated to pay any debt arising out of a transaction where the subject of the transaction was primarily for personal, family, or household purposes.

6. Defendant promotes that it "is one of the largest and most experienced full-service collection agencies in Northwest Ohio."[1] Defendant is a corporation organized under the laws of the state of Ohio with James Nowak as its registered agent, located at 4808 North Summit, Toledo, Ohio 43611. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the state of Ohio.

7. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who use any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

---

[1] http://fst1952.com/about/

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

10. The instant action arises out of Defendant's attempts to collect upon a medical debt ("subject debt") Plaintiff is said to owe Riverwood Emergency Room in Sylvania, Ohio ("Riverwood").

11. Upon information and belief, Defendant began collecting upon the subject debt after it was charged off by Riverwood.

12. Within the one (1) year preceding the filing of this Complaint, Defendant communicated and/or attempted to communicate with Plaintiff in an attempt to collect the subject debt.

13. On or about July 23, 2018, Defendant mailed or caused to be mailed to Plaintiff a collection letter ("Collection Letter") via U.S. Mail in an attempt to collect the subject debt from Plaintiff. *See Defendant's Collection Letter to Plaintiff, attached hereto as* **Exhibit "A"**.

14. Defendant's Collection Letter came after Defendant had sent other correspondences to Plaintiff.

15. The Collection Letter contains the following passage:

> THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. ALL RETURNED CHECKS ARE SUBJECT TO A $30.00 SERVICE CHARGE PLUS BANK FEES.

16. Although Defendant includes this disclosure, it fails to identify that the communication is from a debt collector, as required by 15 U.S.C. § 1692e(11).

17. Defendant's failure to include this disclosure created confusion for Plaintiff as the letter does not clearly indicate Defendant's status as a debt collector.

18. All of Defendant's collection actions at issue occurred within one year of the date of the filing of the Complaint in this matter.

### CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action on her own behalf and as a class action on behalf of the following class:

> All persons in the United States who received a Collection Letter during the one year preceding the filing of this action through the date of class certification from Defendant that fails to disclose that the Collection Letter is from a debt collector.

20. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

21. The Class consists of hundreds or more persons throughout the United States, such that joinder of all Class members is impracticable.

22. There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the FDCPA, particularly because these are form Dunning Letters and are based on a common course of conduct by Defendant.

23. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

24. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

25. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the FDCPA by sending Collection Letters to

Class members without disclosing that the communication was from a debt collector; (ii) whether the Collection Letters sent to Class Members created a probability of confusion as to Defendant's status as a debt collector; and (iii) the type and amount of relief to which the Plaintiff and Class members are entitled.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

    **a. Violations of 15 U.S.C § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).
>
> "The failure to disclose . . . in subsequent communications that the communication is from a debt collector . . . ." 15 U.S.C. § 1692e(11).

30. Defendant violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector in the Collection Letter it sent to Plaintiff. By failing to disclose itself as a debt collector, Defendant directly violated § 1692e(11) and further misleadingly attempted to obscure Plaintiff's rights under the FDCPA by obfuscating its status as a debt collector.

    **b. Violations of FDCPA § 1692f**

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing its status as a debt collector. Failing to disclose itself as a debt collector is an unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of the debt collector.

WHEREFORE, Plaintiff, SALLIE C. WASHINGTON, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of her counsel as Class Counsel;

c. Statutory damages under 15 U.S.C. § 1692k(a);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 15, 2018                     Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)         s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103             Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                        Counsel for Plaintiff
Admitted in the Northern District of Ohio    Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.                     Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200          2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                      Lombard, Illinois 60148
(630) 568-3056 (phone)                       (630) 581-5858 (phone)
(630) 575-8188 (fax)                         (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                     thatz@sulaimanlaw.com


s/ Eric D. Coleman

Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com