# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| SALLIE C. WASHINGTON, on behalf of herself and all others similarly situated, | : | CASE NO. 3:18-cv-02653 |
|     Plaintiff, | : | |
| v. | : | |
| FINANCE SYSTEM OF TOLEDO, INC., | : | |
|     Defendant. | : | |

## ANSWER TO COMPLAINT; WITH COUNTERCLAIM

Now comes Defendant, by counsel, and provides the following for its Answer and Counterclaim.

COMPLAINT 1. Plaintiff brings this this class action on behalf of herself and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.
**ANSWER 1.  Denied**

COMPLAINT 2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331 as the action arises under the laws of the United States.
**ANSWER 2. Denied**

COMPLAINT 3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the Northern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.
**ANSWER 3. Admitted**


COMPLAINT 4. Plaintiff is a 73 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Toledo, Ohio, which lies within the Northern District of Ohio.
**ANSWER 4. Defendant is without sufficient information to enable it to admit or deny this paragraph and therefore denies it.**

COMPLAINT 5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a, because she is a natural person obligated or allegedly obligated to pay any debt arising out of a transaction where the subject of the transaction was primarily for personal, family, or household purposes.

**ANSWER 5. Defendant is without sufficient information to enable it to admit or deny this paragraph and therefore denies it.**

COMPLAINT 6. Defendant promotes that it "is one of the largest and most experienced full-service collection agencies in Northwest Ohio."1 Defendant is a corporation organized under the laws of the state of Ohio with James Nowak as its registered agent, located at 4808 North Summit, Toledo, Ohio 43611. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the state of Ohio.
**ANSWER 6.  Admitted**

COMPLAINT 7. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who use any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.
**ANSWER 7. Admitted**

COMPLAINT 8. Defendant is a "person" as defined by 47 U.S.C. §153(39).
**ANSWER 8. Denied**

COMPLAINT 9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.
**ANSWER 9. Defendant is without sufficient information to enable it to admit or deny this paragraph and therefore denies it.**

COMPLAINT 10. The instant action arises out of Defendant's attempts to collect upon a medical debt ("subject debt") Plaintiff is said to owe Riverwood Emergency Room in Sylvania, Ohio ("Riverwood").
**ANSWER 10. Defendant is without sufficient information to admit or deny that the account at issue was a "debt".  All other allegations in paragraph 13 of the complaint are admitted.**

COMPLAINT 11. Upon information and belief, Defendant began collecting upon the subject debt after it was charged off by Riverwood.
**ANSWER 11. Denied**

COMPLAINT 12. Within the one (1) year preceding the filing of this Complaint, Defendant communicated and/or attempted to communicate with Plaintiff in an attempt to collect the subject debt.
**ANSWER 12. Admitted**

COMPLAINT 13. On or about July 23, 2018, Defendant mailed or caused to be mailed to Plaintiff a collection letter ("Collection Letter") via U.S. Mail in an attempt to collect the subject debt from Plaintiff. *See Defendant's Collection Letter to Plaintiff, attached hereto as Exhibit "A".*

**ANSWER 13. Defendant is without sufficient information to admit or deny that the account at issue was a "debt".  All other allegations in paragraph 13 of the complaint are admitted.**

COMPLAINT 14. Defendant's Collection Letter came after Defendant had sent other correspondences to Plaintiff.
**ANSWER 14.  Admitted**

COMPLAINT 15. The Collection Letter contains the following passage:
**ANSWER 15. Defendant admits that the letter speaks for itself.  All other allegations in paragraph 15 are denied.**

COMPLAINT 16. Although Defendant includes this disclosure, it fails to identify that the communication is from a debt collector, as required by 15 U.S.C. § 1692e(11).
**ANSWER 16. Denied**

COMPLAINT 17. Defendant's failure to include this disclosure created confusion for Plaintiff as the letter does not clearly indicate Defendant's status as a debt collector.
**ANSWER 17. Denied**

COMPLAINT 18. All of Defendant's collection actions at issue occurred within one year of the date of the filing of the Complaint in this matter.
**ANSWER 18. Denied**

COMPLAINT 19. Plaintiff brings this action on her own behalf and as a class action on behalf of the following class:
> All persons in the United States who received a Collection Letter during the one year preceding the filing of this action through the date of class certification from Defendant that fails to disclose that the Collection Letter is from a debt collector.

**ANSWER 19. Denied**

COMPLAINT 20. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).
**ANSWER 20. Denied**

COMPLAINT 21. The Class consists of hundreds or more persons throughout the United States, such that joinder of all Class members is impracticable.
**ANSWER 21. Denied**

COMPLAINT 22. There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the FDCPA, particularly because these are form Dunning Letters and are based on a common course of conduct by Defendant.
**ANSWER 22. Denied**

COMPLAINT 23. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.
**ANSWER 23. Denied**

COMPLAINT 24. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.
**ANSWER 24. Denied**

COMPLAINT 25. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the FDCPA by sending Collection Letters to Class members without disclosing that the communication was from a debt collector; (ii) whether the Collection Letters sent to Class Members created a probability of confusion as to Defendant's status as a debt collector; and (iii) the type and amount of relief to which the Plaintiff and Class members are entitled.
**ANSWER 25. Denied**

COMPLAINT 26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.
**ANSWER 26. Denied**

COMPLAINT 27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.
**ANSWER 27. Defendant reasserts its prior responses as though fully set forth herein.**

COMPLAINT 28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."
**ANSWER 28. Denied**

COMPLAINT 29. In addition, this section enumerates specific violations, such as:
"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).
"The failure to disclose . . . in subsequent communications that the communication is from a debt collector . . . ." 15 U.S.C. § 1692e(11).
**ANSWER 29. Denied**

COMPLAINT 30. Defendant violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector in the Collection Letter it sent to Plaintiff. By

4

failing to disclose itself as a debt collector, Defendant directly violated § 1692e(11) and further misleadingly attempted to obscure Plaintiff's rights under the FDCPA by obfuscating its status as a debt collector.
**ANSWER 30. Denied**

COMPLAINT 31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."
**ANSWER 31. Denied**

COMPLAINT 32. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing its status as a debt collector. Failing to disclose itself as a debt collector is an unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of the debt collector.
**ANSWER 32. Denied**

All other allegations in the Complaint are denied.

## ADDITIONAL DEFENSES

1. Plaintiff's claims are barred by the applicable statute of limitations.

2. Plaintiff's injuries or damages, if any, are the result of her own acts or omissions.

3. Pursuant to 15 USC § 1692k, any violations that may be found were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

4. Plaintiff lacks standing, as Plaintiff did not suffer an injury or loss sufficient to have standing.

5. Defendant relied upon and acted in good faith conformity with a prior opinion from the Federal Trade Commission. 15 U.S.C. 1692k(e).

## COUNTERCLAIM

As set forth in the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k, Defendant is entitled to attorney fees and its cost of defending this matter.

Respectfully Submitted,

/s/James S. Nowak
James S. Nowak (0012890)
4808 N. Summit St.
Toledo, Ohio 43611
Phone: (419) 726-2605

        Fax: (419) 726-1549
*Attorney for Finance System of Toledo, Inc.*

/s/Boyd W. Gentry
Boyd W. Gentry (0071057)
Zachary P. Elliott (0090057)
Law Office of Boyd W. Gentry, LLC
4031 Colonel Glenn Highway, First Floor
Beavercreek, Ohio 45431
Phone: (937) 839-2881
Fax: (800) 839-5843
bgentry@boydgentrylaw.com
zelliott@boydgentrylaw.com
*Attorneys for Finance System of Toledo, Inc.*

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed with the Clerk of Court's CM/ECF system which will provide electronic service to all counsel on January 24, 2019.

/s/Boyd W. Gentry
Boyd W. Gentry (0071057)