**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SALLIE C. WASHINGTON, on behalf of herself and all others similarly situated,

Plaintiff,

v.

FINANCE SYSTEM OF TOLEDO, INC.,

Defendant.

Case No. 3:18-cv-02653-JGC

FINANCE SYSTEM OF TOLEDO, INC.,

Counter-Plaintiff,

v.

SALLIE C. WASHINGTON, on behalf of herself and all others similarly situated,

Counter-Defendant.

Honorable Judge James D. Carr

**PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM**

NOW COMES Plaintiff/Counter-Defendant, Sallie C. Washington ("Washington"), by and through her attorneys, Sulaiman Law Group, Ltd, hereby moving the Court, pursuant to Fed. R. Civ. P. 12(c), for Judgment on the Pleadings as to Defendant/Counter Plaintiff Finance System of Toledo, Inc.'s ("FST") Counterclaim. FST's "counterclaim" asserts a purported cause of action under a provision of the Fair Debt Collection Practices Act ("FDCPA") which does not create a separate cause of action such that a counterclaim may be properly brought under this section. Furthermore, FST's counterclaim does not set forth any factual support illustrating the plausibility

of its claims. For these reasons, judgment in connection with FST's Counterclaim should be entered in Washington's favor.

Dated: May 8, 2019

Respectfully submitted,

*s/ Eric D. Coleman*
Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff/Counter-Defendant
Sulaiman Law Group, Ltd.
2500 South Highland Ave, Ste. 200
Lombard, IL 60148
(630) 575-8181 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com

## MEMORANDUM

### I. Factual Background

1. On November 15, 2018, Washington filed her putative Class Action Complaint against FST seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA"). [Dkt. 1].

2. On January 24, 2019, FST filed its Answer to Washington's Complaint, further setting forth a Counterclaim against Washington. [Dkt. 8].

3. FST's Counterclaim states, *in its entirety*: "As set forth in the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k, [FST] is entitled to attorney fees and its cost of defending this matter." [*Id.*].

4. On February 13, 2019, Washington filed her Answer and Affirmative Defenses in connection with FST's Counterclaim. [Dkt. 10].

5. Washington's affirmative defense to FST's counterclaim is that FST's counterclaim fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). [*Id.*].

6. As discussed in Washington's answer and further outlined below, FST's counterclaim improperly sets forth a claim for attorney's fees pursuant to § 1692k in the context of a counterclaim.

## II. Legal Standard

The standard of review for motions for judgment on the pleadings under Fed. R. Civ. P. 12(c) "is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Twp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-512 (6th Cir. 2001)). To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510,517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft,* 556 U.S. 662 at 678.

## III. Argument

### a. FST's Counterclaim Improperly Seeks Relief Under A Provision Of The FDCPA For Which There Is No Separate Cause Of Action

FST's Counterclaim asserts: "As set forth in the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k, [FST] is entitled to attorney fees and its cost of defending this matter." [Dkt. 8]. Although FST does not specify under which subsection of § 1692k it is seeking relief, the only provision under which a defendant would be entitled to its fees is connection with defending a

claim under the FDCPA is 15 U.S.C. § 1692k(a)(3). Pursuant to 15 U.S.C. § 1692k(a)(3), "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award the defendant attorney's fees reasonable in relation to the work expended and costs." The *vast* majority of courts having addressed whether a defendant may bring a claim under § 1692k(a)(3) as a counterclaim have determined that, since there is no separate cause of action created by § 1692k(a)(3), it is improper to assert such claim in a counterclaim. Therefore, Washington should be granted judgment in her favor in connection with FST's counterclaim.

As noted by courts within the Sixth Circuit, *e.g. Kropf v. TCA, Inc.,* 752 F. Supp. 2d 797, 800-01 (E.D. Mich. 2010), the majority view as to the propriety of bringing § 1692k(a)(3) claims for relief via counterclaim is that such claims do not present a separate cause of action under the FDCPA, and are thus not properly asserted as a counterclaim. *Id.* ("[a]lthough some courts have found that this statute authorizes a counterclaim for attorney's fees . . . the majority of cases to consider this issue have instead dismissed the counterclaim as premature or for a lack of a statutory cause of action, permitting defendants to renew attorney's fees requests at the conclusion of the case" further collecting cases evincing the same"). The court followed the majority line of cases, stating:

> The Court finds that the latter approach is preferred and consistent with the Federal Rules of Civil Procedure. Rule 54, for example, states that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). The motion must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Section 1692k is retrospective, and it does not require proof of attorney's fees at trial. Instead, it contemplates a post-trial proceeding following an assessment of the merits of a plaintiff's complaint.

*Id.* at 801. Much like the court in *Kropf,* this Court should follow the majority line of cases and find that FST's counterclaim does not state a claim for relief which is plausible on its face, and

thus grant judgment on FST's counterclaim in favor of Washington. *See also, Saghar Mirfendereski v. Rakestraw,* 2011 U.S. Dist. LEXIS 90535, at *8-9 (S.D. Ohio Aug. 15, 2011) (dismissing the defendant's § 1692k(a)(3) counterclaim, noting that 1692k(a)(3) "does not provide an independent cause of action, and is thus not suitable as the basis for a counterclaim"); *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1211 (5th Cir. 1985) ("[t]o recover attorney's fees under the FDCPA, the *prevailing* defendant must show affirmatively that the plaintiff brought the FDCPA claim in bad faith and for the purpose of harassment") (emphasis added); *Hardin v. Folger,* 704 F. Supp. 355, 356-57 (W.D.N.Y. 1988) (dismissing the counterclaim because 1692k(a)(3) "provides relief, but not a claim, to defendants"); *Kirscher v. Messerli & Kramer, P.A.,* 2006 U.S. Dist. LEXIS 3346, at *7 (D. Minn. Jan. 14, 2006) (dismissing the defendant's counterclaim, but permitting it to request attorney's fees by a separate motion filed at a later stage in the proceedings); *Allen v. Scott,* 2011 U.S. Dist. LEXIS 8350, at *2 (N.D. Tex. Jan. 19, 2011) (noting that the "conclusion that § 1692k does not permit a bad faith counterclaim is consistent with the majority of decisions reached by other courts"); *Allen-Petrus v. Columbia Recovery Group, LLC,* 2009 U.S. Dist. LEXIS 41151, at *1 (W.D. Wash. Apr. 29, 2009) ("if a plaintiff brings an FDCPA action *and loses,* subsection 1692k(a)(3) permits the court to award attorney's fees and costs to the defendant") (emphasis added).

Therefore, the Court should follow the clear majority view and find that FST's counterclaim fails to state a valid claim for purposes of Fed. R. Civ. P. 12(b)(6). As such, the Court should grant Washington's motion for judgment on the pleadings in connection with FST's counterclaim.

**b. FST's Counterclaim Is Not Supported By Any Facts, And Thus Fails To State A Claim Which Is Plausible On Its Face**

Even if FST could properly set forth a claim under § 1692k(a)(3) as a counterclaim (which it cannot), its counterclaim is not supported by *any* factual support from which it can be plausibly

inferred that Washington brought this action in bad faith and for the purpose of harassing FST. To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678. (quoting *Bell Atl. Corp.*, 550 U.S.at 570).

FST's counterclaim does not assert a *single* fact, yet alone sufficient factual material, to outline its position that Washington brought this action in bad faith and with the purpose of harassing FST. Therefore, even if the Court finds that FST may properly assert a claim under § 1692k(a)(3) as a counterclaim, FST's counterclaim nevertheless fails as it is not supported by any facts.

## IV. Conclusion

As set forth herein, FST's Counterclaim does not state a claim for relief which is plausible on its face under Fed. R. Civ. P. 12(b)(6). Therefore, the Court should grant Washington judgment in her favor in connection with FST's counterclaim, and award any other and further relief as the Court deems just and appropriate.

Dated: May 8, 2019

Respectfully submitted,

*s/ Eric D. Coleman*
Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff/Counter-Defendant
Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.
2500 South Highland Ave, Ste. 200
Lombard, IL 60148
(630) 575-8181 x. 105 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com

**CERTIFICATE OF COMPLIANCE WITH N.D. OHIO L.R. 7.1(f)**

The undersigned, one of the attorneys for Plaintiff/Counter-Defendant, certifies that the instant matter is assigned to an expedited track. This memorandum adheres to the page limitations set forth in N.D. Ohio L.R. 7.1(f).

*s/ Eric D. Coleman*
Eric D. Coleman, Esq.
Counsel for Plaintiff/Counter-Defendant

**CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for Plaintiff/Counter-Defendant, certifies that on May 8, 2019, he caused a copy of the foregoing, **PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM,** to be served electronically via CM/ECF system on: all counsel of record.

s/ *Eric D. Coleman*
Eric D. Coleman, Esq.
Counsel for Plaintiff/Counter-Defendant