IN THE **UNITED STATES DISTRICT COURT FOR**
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sallie C. Washington,
    on behalf of herself and
    all others similarly situated,                  Case No. 18CV2653

        Plaintiff/Counter-Defendant,

    v.                                                              **ORDER**

Finance System of Toledo, Inc.,

        Defendant/Counter-Plaintiff.

Plaintiff Sallie C. Washington, on behalf of herself and all others similarly situated, filed a complaint against defendant Finance System of Toledo, Inc. ("FST") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

Plaintiff claims that FST violated §§ 1692e(10), (11), and 1692f by failing to disclose it is a debt collector in subsequent communications to collect a debt.[1]

FST filed an answer and counterclaim against plaintiff. The counterclaim alleged § 1692k entitles the defendant to attorney fees and costs. (Doc. 8).

Jurisdiction is proper under 28 U.S.C. § 1331 as the action arises under the laws of the United States.

---

[1] Although the complaint indicates there were earlier communications, there is nothing in the record to show that any of those communications included all the elements that § 1692e(11) mandates (namely, that the communication is from a debt collector attempting to collect and debt, and that any information obtained will be used for that purpose.)

Pending are FST's motion for judgment on the pleadings (Doc. 12) and plaintiff's motion for judgment on the pleadings as to FST's counterclaim (Doc. 15). For the following reasons, I deny FST's motion and grant plaintiff's motion.

### 1. Background

Plaintiff allegedly incurred medical debt, which she owed to Riverwood Emergency Room in Sylvania, Ohio. (Doc. 1, ¶ 10). Within one year before she filed her complaint, FST began attempting to collect the debt. (Doc. 1, ¶ 12). On July 23, 2018, FST mailed a collection letter to plaintiff. (Doc. 1, ¶ 13; Exh. A).

FST's letter noted Riverwood ER Sylvania as the creditor and stated the amount due, a client a reference number, and the FST ID number. The collection letter also stated:

> THIS BILL MAY BE LISTED AGAINST YOUR CREDIT!
> IT IS IN YOUR BEST INTEREST TO RESPOND IMMEDIATELY.
> ANY UNPAID BALANCE SHOWING ON YOUR CREDIT REPORTMAY RESULT IN CREDIT BEING DENIED
>
> PAY IN FULL IMMEDIATELY TO:
>
> FINANCE SYSTEM OF TOLEDO, INC.
>
> \* \* \* \* \* \*
>
> THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. ALL RETURNED CHECKS ARE SUBJECT TO A $30.00 SERVICE CHARGE PLUS BANK FEES.

(Doc. 1-3, Exhibit A).

### 2. Standard of Review

Under Fed. R. Civ. P. 12(c), a party may move for judgment on the pleadings any time after the other party or parties have filed responsive pleading(s). The movant must file early enough to avoid delaying the trial.

2

The same standard applies to a Rule 12(c) motion as to to a Rule 12(b)(6) motion to dismiss for failure to state a claim for relief. *E.g., Grindstaff v. Green,* 133 F.3d 416, 421 (6th Cir. 1998).

As with a Rule 12(b)(6) motion, "all well-pleaded material allegations of the pleadings of opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, pierce, Fenner & Smith, Inc.,* 479 F.2d 478, 480 (6th Cir. 1973)). Likewise, a court will grant a 12(c) motion "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991).

As the Sixth Circuit recently points out in *Buchanan v. Northland Group, Inc.,* 776 F.3d 393, 397 (6th Cir. 2015), "[c]ourts do not lightly reject fact-based claims at the pleading stage. They may do so only after drawing all reasonable inferences from the allegations in the complaint in the [non-moving party's] favor and only after concluding that, even then, the complaint still fails to allege a plausible theory of relief."

When ruling on a Rule 12(c) motion, a court considers all available pleadings and "can also consider (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion for judgment on the pleadings that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice." *Dudek v. Thomas & Thomas Attorneys & Counselors at Law, LLC,* 702 F.Supp.2d 826, 832 (N.D. Ohio 2010).

## Discussion

**1. FST's Motion for Judgment on the Pleadings**

## A. Failure to State That the Letter
## Came From a Debt Collector

Plaintiff claims that FST violated FDCPA §§ 1692e(10), (11), and §1692f by failing to state that its collection letter came from a debt collector. (Doc. 1, ¶¶ 30, 32). I agree.

Enacted in 1977, the FDCPA responded to unfair and abusive debt collection practices by many debt collectors. Section 1692(e) states:

> It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

The FDCPA does not excuse the debt or relieve the debtor of her obligation to pay or deprive the debt collector of its right to be paid.

But the Act does outlaw unfair ploys, such as deception and misrepresentation, on the one hand, and abusive, strong-arm tactics, such as harassment and threats. This is clear from § 1692(e), which sets forth a non-exhaustive list of prohibited acts. These include, in § 1692(e)(10), "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

In addition, § 1692(e)(11), as amended in 1996, prohibits: "[t]he failure to disclose in the initial written communication with the consumer . . ., that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that *the communication is from a debt collector. . . .*" (Emphasis supplied).

In *Frey v. Gangwish,* 970 F.2d 1516, 1521 (6th Cir. 1992), the Sixth Circuit pointed out that the FDCPA is "extraordinarily broad." This makes good sense, in light of the real-world imbalance between debt collectors and debtors. Thus, even when a debt collector claims to have

made an innocent mistake or urges a court to accept a *de minimums* or arguably sensible exception, courts must enforce the statute as written. *Id.*

A split amongst the circuits arose, however, as to whether, as required in the FDCPA as originally enacted, subsequent communications had to contain the warning that information obtained from debtor would be used to assist in debt collection.

The Ninth Circuit held in *Pressley v. Capital Credit & Collection Serv., Inc.,* 760 F.2d 922, 925 (1985), that a subsequent communication need not include that warning. The court held that "a follow-up letter . . . is not a 'communication' within which the disclosure required by 15 U.S.C. § 1692e(11) [as originally enacted] must be made." *Id*.

Rejecting the holding in *Pressley,* the Second Circuit in *Pipiles v. Credit Bureau of Lockport, Inc,* 886 F.2d 22 (1989), held that, under the FDCPA as originally enacted a follow-up letter must include both disclosures.

Most circuit courts followed the Second Circuit's opinion. *See Dutton v. Wolpoff and Abramson,* 5 F.3d 649, 657 (3rd Cir. 1993); *Carroll v. Wolpoff Abramson,* 961 F.2d 459, 461 (4th Cir. 1992); *Frey v. Gangwish,* 970 F.2d 1516, 1520 (6th Cir. 1992); *Tolentino v. Friedman*, 46 F.3d 645, 650 (7th Cir. 1995).

In light of this Circuit split, Congress in 1996 amended § 1692e(11) so that it now allows follow-up letters to omit the warning that a debt collector is attempting to collect a debt and any information collected would be used for that purpose. Instead, the Act now requires that information only in a debt collector's initial communication to a debtor.

The amended Act retains, however, the express requirement that subsequent communications must disclose that the communication comes from a debt collector. *See* § 1692e(11).

By expressly retaining the statutory duty to repeat the source-identifying statement in all communications, Congress underscored the role that that statement plays. *See generally* Scott Burnham, *What Attorneys Should Know About the Fair Debt Collection Practices Act,* 59 Mont. L.Rev. 179 (Summer 1998). Among other things, this statement lets the debtor always know that she is to pay – and need only pay -- the debt collector, and not the original creditor or anybody else.

To determine whether noncompliance with the letter of the statute renders a debt collector liable under the FDCPA, courts use an objective "least sophisticated consumer" standard. *Harvey v. Great Seneca Fin. Corp.,* 453 F.3d, 324, 329 (6th Cir. 2006). The standard "protects the gullible and the shrewd alike while simultaneously presuming a basic level of reasonableness and understanding on the part of the debtor, thus preventing liability for bizarre or idiosyncratic interpretations of debt collection notices." *Barany-Snyder v. Weiner,* 539 F.3d 327, 333 (6th Cir. 2008) (citations omitted).

This judge-created standard focuses on how a least sophisticated consumer would understand a communication. In applying this standard, courts must, however, be careful not to ignore the fact that Congress in the 1996 amendment specifically retained the requirement that *all* communications state forthrightly and plainly that they come from *a debt collector.*

Nonetheless, some courts would relieve debt collectors from complying with this simple, straight-forward obligation.

Before Congress amended § 1692(e), the Second Circuit held that the Act contains "no requirement that the letter quote verbatim the language of the statute." *Emanuel v. American Credit Exchange*, 870 F.2d 805, 808 (2nd Cir. 1989). More recently a district court likewise has stated that in subsequent communications to debtors, "a debt collector must only convey that the

communication is from a debt collector." *Saltzman v. I.C. System, Inc.*, 2009 WL 3190359 (E.D. Michigan 2009).

I disagree. I find nothing in the FDCPA, especially in light of the fact that Congress in 1996 retained the source-identification mandate, to support giving debt collectors that leeway. Telling the debtor what you want is not synonymous with stating who you are. This requirement is not, after all, hard to meet. One need merely read and follow a simple command: namely, to tell the debtor forthrightly that the communication comes from a debt collector.[2]

The letter at issue did not do so. Consequently, the plaintiff states a cause of action as to defendant' thus far unexplained noncompliance. The defendant, accordingly, is not entitled to judgment on the pleadings on the issue of compliance with the source-identification requirement of the FDCPA.

### B. Whether a Communication is Misleading or Confusing is a Question of Fact

Plaintiff alleges that the follow-up letter was confusing. (Doc. 1, ¶ 17).

The Sixth Circuit stated in *Buchanan, supra,* that "a jury should determine whether [a collection] letter is deceptive or misleading." 776 F.3d at 397 (*quoting Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 441 (6th Cir. 2008)).[3]

---

[2] I note that the follow-up letter at issue here contains the warning language that Congress, in the 1996 amendment, deemed unnecessary – while omitting language that Congress retained. This raises the question, "How come: why put in what you don't need and leave out what should be there – if your intent is to follow the law?"

[3] I see no reason why whether a communication is confusing to a least sophisticated consumer is not also a question of fact for the fact-finder to determine.

7

Plaintiff may overcome FST's motion if she plausibly claims that, applying the least sophisticated consumer standard, she was confused about the nature or status of the sender of the follow-up letter.

Here, instead of identifying itself, as the FDCPA requires, as a debt collector, the defendant wrote, "this is an attempt to collect a debt."

Debt collectors are not the only ones who send collection letters stating "this is an attempt to collect a debt" or words of similar import. Payment demands can come from, among others, the original creditor, an outsourced billing office, an early-out vendor, or a factor. And anyone of those could have made exactly the same statement. The phrase "this is an attempt to collect a debt" does not, on its own, a fact finder could find, signify the sender's status, thereby confusing the debtor.

It is, therefore, plausible that the letter in this case could or would have confused the least sophisticated debtor as to just who was demanding payment.[4]

## 2. FST's Counterclaim for Attorney Fees and Costs of Litigation

Defendant FST filed a counterclaim under § 1692k for attorney fees and costs of litigation. (Doc. 8). Plaintiff's motion for judgment on the pleadings as to this counterclaim is pending. For

---

[4] I reach this conclusion notwithstanding the Eighth Circuit's decision in *Volden v. Innovative Financial Systems, Inc*., 440 F.3d 947, 955 (8th Cir. 2006), in which the court granted summary judgment (not judgment on the pleadings) to a debt collector. The court found, as a matter of law, that even an unsophisticated consumer would understand that a letter that stated, as defendant's letter stated here, "this is an attempt to collect a debt" was "necessarily from a debt collector." *Accord, Gaston v. Finance System of Toledo*, 2019 WL 2210769, *1 (N.D. Ohio) (Helmick, J).

Plainly put: there simply is nothing so unique in the non-conforming statements in those cases, or here, that conveys that the communication comes from a debt collector, rather than from someone else who wants, and is entitled to payment for a debt.

Moreover, whereas the court in *Volden* was ruling on a motion for summary judgment, here I am ruling on a motion for judgment on the pleadings, with its less demanding standard. I find plaintiff has met her burden at this stage.

the following reasons, I grant the plaintiff's motion for judgment on the pleadings but will accept defendant's motion for fees and costs if defendant ultimately prevails.

In pertinent part, § 1692k(a)(3) states that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." According to Fed. R. Civ. P. 54(d)(2)(A), a prevailing party's request for an award of attorney's fees and costs "*must be made by motion* unless the substantive law requires those fees to be proved at trial as an element of damages." (Emphasis supplied).

The plain language of § 1692k(a)(3) provides a clear path by which defendants may recover attorney fees and litigation costs *after* a finding that plaintiff brought the action in bad faith and for the purpose of harassment. This comports with Fed. R. Civ. P. 54, allowing a prevailing party to make a claim for attorney's fees.

A prevailing party must, by necessity, have first prevailed before it may seek attorney's fees and costs. The "prevailing party" is the party in whose favor the court has rendered judgment. Black's Law Dictionary (11th ed. 2019).

Very few courts have found that a defendant may make a counterclaim for attorney's fees under § 1692k. *See Hylkema v. Palisades Collection, LLC,* 2008 WL 623469 (W.D. Washington); *Ayres v. Nat'l Credit Mgmt. Corp.,* 1991 WL 66845 (E.D. Pa).

The majority of cases analyzing this issue have dismissed the counterclaim as premature or for lack of a statutory cause of action. *See Hardin v. Folger,* 704 F. Supp. 355, 356-57 (W.D.N.Y. 1988) (dismissing the counterclaim because § 1692k(a)(3) "provides relief, but not a claim, to defendants" and noting that the decision to grant attorney's fees was discretionary following a determination by the court that the action was brought in bad faith); *Kropf v. TCA,*

*Inc.*, 752 F. Supp. 2d 797, *801 (E.D. Michigan 2010) (dismissing the defendant's counterclaim and stating that § 1692k "contemplates a post-trial proceeding following an assessment of the merits of a plaintiff's complaint."); *Chlanda v. Wymard*, 1994 WL 583124, *1 (S.D. Ohio) (finding that the defendant's request was not ripe until after a determination on the merits of the case, and that the statute did not create a cause of action but instead anticipated that a defendant would proceed via a motion for attorney's fees.); *Rodriguez v. Portfolio Recovery Associates, LLC,* 841 F. Supp. 2d 1208, 1211 (W.D. Washington 2012) (dismissing the defendant's counterclaim under 1692k(a)(3) and noting that dismissal was consistent with the general rule regarding attorney's fees under Fed. R. Civ. P. 54(d)(2)(A)).

**Conclusion**

The purpose of the FCDPA is to curb the use of deceptive and abusive debt collection practices, while enabling ethical debt collectors to gain customers and do their jobs. Satisfying the mandate that debt collectors identify themselves as debt collectors in their collection letters imposes a most modest burden – if it imposes any burden at all. Nothing about requiring that statement improperly encumbers efforts to collect debts. Moreover, a fact finder might find that the failure to include that language was deceptive and confusing to the plaintiff.

It is, accordingly,

ORDERED THAT:

1. The defendant's motion for judgment on the pleadings (Doc. 12) be, and the same hereby is denied; and

2. The plaintiff's motion for judgment on the pleadings as to defendant's motion for attorney's fees and costs (Doc. 15) be, and the same hereby is granted.

The Clerk shall forthwith set a status/scheduling conference and notify the parties that they are to submit a proposed schedule for further proceedings not later than ten days before that conference.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge